The opinion of the Court was delivered by
Fenner, J.
Relator seeks, by writ of prohibition to restrain the Judges of the Court of Appeals from taking cognizance of an appeal on *1221 the ground that the amount involved exceeded the hounds of their jurisdiction.
The suit in which the appeal was taken was a proceeding by mandamus to compel the Recorder of Mortgages to erase the inscription of mortgages resulting from the' recordation of State taxes for the years 1871,1875 aud 1876. The petition sets forth specifically the amount of said inscriptions and resulting mortgages, aggregating the sum of $828.15, and contains the further distinct allegation that “saidtaxes, together with accrued interest and penalties, exceed the sum of $500, and are less í/¡.a»$1000.” Judgment was rendered in favor of Relators, aud the State, in appealing therefrom, guided by the allegations of Relators’ own pleadings, naturally sought the Court of Appeals. Relators moved in that Court to dismiss the appeal on the ground that the amount in dispute exceeded $1000; and, that motion having been denied, they invoke at our bauds the remedy of prohibition.
Authorities are quoted in support of the doctrine, always recognized by ourselves, that consent cannot give jurisdiction. But no authority can ho found holding that a party may contradict and go behind his own specific jurisdictional allegations for the purpose of ousting the appeal of his adversary who has accepted and acted upon the faith thereof. Nothing in the record contradicts the allegations as to the amount of the mortgages. Legal argument is presented to show that the mortgages, as inscribed, cover not only the principal of the taxes but interest and penalties. The' State contends, and the Court of Appeals held, that the inscription covered the principal only. These extremely important questions were not at issue in the case; and certainly the present is not a proper proceeding- in which we should he called upon to decide them. Upon the face of Relator’s own petition the Court of Appeals has jurisdiction of the canse and we will not listen to his own impeachment of their truth.
The application for prohibition is, therefore, denied.
Rehearing- refused.